[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1445

MATTHEW A. CHIARA,

Plaintiff, Appellant,

v.

DENNIS DIZOGLIO, Mayor; MAURICE J. LARIVIERE, JR., City
Solicitor; EUGENE O'NEIL, Economic Director; METHUEN
INSPECTOR; METHUEN COMMISSION; COMMUNITY DIRECTOR OF
DEVELOPMENT; COMMUNITY BOARD OF DEVELOPMENT;
WILLIAM MANZI, City Councilor; PASQUELINA NAPOLITANO;
VICTOR HATEM, Attorney; BRIAN SHEEHY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Matthew A. Chiara on brief pro se.
Domenic S. Terranova on motion to appear as amicus curiae.
Patrick J. Costello and Merrick, Louison & Costello on brief
for appellees, Mayor Dennis Dizoglio; Maurice Lariviere, Jr.,
City Solicitor; Eugene O'Neil, Economic Development Director;

Joseph Giarusso, Methuen Conservation Inspector; Methuen Conservation Commission; Community Development Board; and City Councilor William Manzi.

Kenneth A. Cossingham on brief for appellee Brian Sheehy.

Darlene M. Daniele on brief for appellee Pasquelina Napolitano.

---

March 19, 2001

---

**Per Curiam**. The district court understood the complaint as alleging violations of the Fair Housing Act and the Americans with Disability Act, defamation, libel and slander. The court correctly dismissed the complaint for failure to state a claim.

Plaintiff here characterizes his claims as asserting instead violations of procedural and substantive due process. Without attempting precisely to reiterate plaintiff's argument, seemingly he sees a violation of his constitutional rights in the timing or sequence of proceedings and decisions on his proposals before the Methuen Town Council and the Conservation Commission. He asserts that a "pre-determination" of an environmental issue by the Conservation Commission was essential to obtaining a "fair hearing" on the proposed zoning change before the Town Council.

Having read and re-read the complaint and plaintiff's brief, we believe that we understand why the district court did not mention the scattered references to the Due Process Clause found in the complaint. At first

-3-

blush, the complaint's due process allegations seem to be mere surplusage.

Reviewing the complaint de novo in light of the gloss which plaintiff assigns on appeal, we conclude that it does not contain facts sufficient to make out a recognizable claim under the Due Process Clause.  As to procedural due process, there are no facts suggesting that State law or local ordinances facially deprive applicants of notice, a hearing, and an opportunity to be heard on proposed zoning changes and related environmental permits.  Instead, plaintiff seems to argue that an administrative law judge in the Massachusetts Department of Environmental Protection erred in interpreting the regulations as allowing the wrong sequence of hearings and decisions.  Even if we assume that the administrative judge's interpretation was wrong, however, this does not give rise to a deprivation of plaintiff's constitutional right to procedural due process, "so long as the state provides an adequate means of redress."  See Herwins v. City of Revere, 163 F.3d 15, 18 (1st Cir. 1998), cert. denied, 526 U.S. 1087 (1999).  State law provides a means to redress incorrect administrative decisions through a motion for reconsideration and an appeal

to the courts, and there are no facts suggesting that the State process is inadequate.

As to "substantive" due process, we also fail to see facts sufficient to make out an understandable claim. We hasten to add, in light of some arguments in defendants' briefs, that we also do not construe plaintiff's gloss on appeal as asserting a "regulatory taking" nor an "inverse condemnation" claim. Since there is no substantive violation alleged, we need not reach defendants' suggestion that we should make new law in this uncertain area.

Finally, we have stricken from the caption of this appeal the names of purported plaintiffs-appellants "John Smith" and "Mary Smith." Although an appearance on behalf of the Smiths was entered by Attorney Terranova, the attorney did not offer a brief. Instead, under cover of plaintiff's pro se brief, Attorney Terranova has revealed that the Smiths are "fictitious" persons who seek to "join" the pro se brief as "amicus curiae" and representatives of an indistinct class of real persons. There was no motion for certification of a plaintiff class in the district court, and it is unclear whether the fictitious identity of the plaintiffs-Smiths was known to the court.

Construing Attorney Terranova's statement inside of plaintiff's brief as a motion on behalf of one or more real or fictitious persons to appear as amicus curiae, the motion is <u>denied</u> for a failure to comply with the provisions of Fed. R. App. P. 29.

**<u>Affirmed</u>**.